UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GENE FERNANDEZ,

       Plaintiff,

v.                                             Hon. Paul L. Maloney

THE HOME DEPOT, INC.,                   Case No. 1:26-cv-215

       Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Gene Fernandez filed his complaint in this action against Defendant The Home Depot, Inc., on January 20, 2026, alleging a federal-law claim pursuant to 42 U.S.C. § 1983. Fernandez also invokes the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over his state-law claims. (ECF No. 1 at PageID.2.)

On January 22, 2026, I granted Fernandez's motion to proceed *in forma pauperis*. (ECF No. 4.) Accordingly, I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Based on this review, I recommend that the Court dismiss the Section 1983 claim for failure to state a claim upon which relief can be granted and dismiss the state-law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

### I. Background

Fernandez alleges that he holds Michigan cannabis license AU-SP-000-118, is a registered government contractor, and has been a longtime Home Depot customer. He operates a cannabis dispensary called Freddy's Dispensary which is highly regulated under Michigan law. (ECF No.

1 at PageID.2–4.) To obtain his cannabis license, Fernandez was required to undergo background checks, including inquiry into his criminal history. (*Id.* at PageID.3.)

Fernandez alleges that on an unidentified date, sometime before February 19, 2023, Home Depot employees reported to law enforcement that Fernandez committed theft when he failed to return a rental vehicle. He further alleges that the report was made without verification of readily available rental records. As a result, Fernandez was arrested and detained for some period of time. (*Id.*) On February 19, 2023, Fernandez was charged in the Muskegon County Circuit with one count of failure to return rented property -- $1,000.00 or more but less than $20,000.00. (ECF No. 1-1 at PageID.9.) Specifically, the warrant alleged that Fernandez failed to return a rented Ford cargo van to a Home Depot store in Roosevelt, Michigan, on its return date of July 4, 2022. (ECF No. 1-1 at PageID.9.)

Fernandez alleges that following his arrest, Penske Truck Leasing, which apparently handles Home Depot vehicle rentals, confirmed that Fernandez never rented or possessed the vehicle. He claims that Home Depot's failure to verify this information before reporting the alleged criminal activity "constituted reckless disregard for the truth." (*Id.*) Fernandez says that, due to the false criminal charges, which were apparently dismissed, he was required to file a mandatory regulatory complaint and disclosure with the State of Michigan to defend his cannabis license during renewal review. He also claims that the "arrest and regulatory fallout delayed the opening and "stabilization" of Freddy's Dispensary by approximately 90 days, causing substantial lost revenue. (*Id.* at PageID.4.) Fernandez seeks damages flowing from the false criminal charges.

## II.  Failure to State a Claim

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to

raise a right to relief above the speculative level on the assumption that all of the complaint's

allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations

and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.

Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is

not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant

has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to

relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a
> court must accept as true all of the allegations contained in a complaint is
> inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of
> action, supported by mere conclusory statements, do not suffice. Rule 8 marks a
> notable and generous departure from the hypertechnical, code-pleading regime of
> a prior era, but it does not unlock the doors of discovery for a plaintiff armed with
> nothing more than conclusions. Second, only a complaint that states a plausible
> claim for relief survives a motion to dismiss.  Determining whether a complaint
> states a plausible claim for relief will, as the Court of Appeals observed, be a
> context-specific task that requires the reviewing court to draw on its judicial
> experience and common sense. But where the well-pleaded facts do not permit the
> court to infer more than the mere possibility of misconduct, the complaint has
> alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

### III.  Discussion

#### A.      Section 1983 Claim

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right

secured by the federal Constitution or laws and must show that the deprivation was committed by

a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009).

Fernandez's Section 1983 claim fails for the simple reason that Home Depot is a private company and not a state actor. *See Jones v. Home Depot Corp.*, No.  24-11832, 2024 WL 4253097, at *2 (E.D. Mich. Aug. 20, 2024), *report and recommendation adopted*, 2024 WL 4666285 (E.D. Mich. Nov. 4, 2024) ("Because Home Depot is not a state actor, Jones's complaint against it should be dismissed *sua sponte*."). Fernandez alleges that Home Depot can be held liable under Section 1983 because its "employees were knowing participants in joint activity with law enforcement by providing false information that directly caused [his] arrest." (*Id.*) This allegation lacks merit because it is contrary to well established law that a private citizen does not become a state actor merely by reporting suspected criminal activity to law enforcement. *See Powell v. City of Radcliff*, No. 3:19-CV-386, 2020 WL 6704581, at *3 (W.D. Ky. Nov. 13, 2020) ("As both the Sixth Circuit and other courts in this district have concluded when applying the state compulsion test, reporting a crime and providing information to law enforcement is insufficient to establish a state actor under Section 1983." (collecting cases)); *Oliver v. Murphy*, No. 19-1286, 2019 WL 7195323, at *2 (W.D. Tenn. Dec. 26, 2019) ("Reporting a crime, even falsely, does not transform a private citizen into a state actor." (citing *Lansing v. City of Memphis*, 202 F.3d 821, 831 (6th Cir. 2000)); *Easley v. Dietrich*, No. 1:11-cv-299, 2011 WL 1811065, at *2 (W.D. Mich. May 12, 2011) ("Individuals who report crimes and testify as witnesses are not state actors for the purpose of § 1983 claims.") (citing *Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009)); *Wade v. Bradley Cnty. Sheriffs Office*, No. 1:10-cv-191, 2010 WL 5439774, at *4 (E.D. Tenn. Dec. 27, 2010) ("Because Mr. Ownby was not acting under color of law when reporting Plaintiff's alleged crime and because, in general, private individuals do not act under color of state law, are not state actors, and are not

4

amenable to a § 1983 suit . . . Plaintiff has stated no cause of action under 42 U.S.C. § 1983 against Mr. Ownby."); *see also Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983) ("We know of no case in which the report of a state crime is action under color of state law under § 1983. The mere furnishing of information to police officers does not constitute joint action under color of state law which renders a private citizen liable under §§ 1983 or 1985.").

Because Fernandez alleges nothing more than Home Depot's report of erroneous information of a crime to law enforcement, his Section 19983 claim is subject to dismissal.

### B.    State-Law Claims

I further recommend that the Court decline to exercise supplemental jurisdiction over Fernandez's state-law claims. Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction, and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *See Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims." (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966))); *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Id.* at 1182; *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." (internal quotations omitted)). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)).

Here, because the case is in its infancy and the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction, I recommend that Fernandez's state-law claims be dismissed without prejudice.

## IV.  Conclusion

For the foregoing reasons, I recommend that the Court dismiss Fernandez's Section 1983 claim for failure to state a claim upon which relief can be granted. I further recommend that the Court decline to exercise supplemental jurisdiction over the state-law claims and dismiss them without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Fernandez appeal this decision, the Court assess the $605.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date:  January 26, 2026

/s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).